UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO CARRANZA,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN COLVIN,<br><br>    Defendant. | Case No. 5:15-cv-04664-PSG<br><br>**ORDER GRANTING-IN-PART AND DENYING-IN-PART CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>**(Re: Docket Nos. 16, 17)** |

Plaintiff Arturo Carranza seeks Social Security disability and disability insurance benefits. Pursuant to 42 U.S.C. § 405(g), Carranza requests judicial review of the Commissioner of Social Security's final decision denying his claim. Carranza moves for summary judgment and payment of benefits;[1] the Commissioner moves for summary judgment and affirmation of her final decision.[2] Both motions are GRANTED-IN-PART.

**I.**

Carranza first applied for benefits in 2012.[3] That claim was denied both initially and upon reconsideration.[4] Carranza then requested and received a hearing before an Administrative Law

---

[1] *See* Docket No. 16.

[2] *See* Docket No. 17.

[3] *See* Docket No. 15-3 at 20.

[4] *See id.*.

1
Case No. 5:15-cv-04664-PSG
ORDER GRANTING-IN-PART AND DENYING-IN-PART CROSS-MOTIONS FOR SUMMARY JUDGMENT

Judge.[5] The ALJ issued a ruling concluding that Carranza was not disabled, according to the five-step evaluation process for determining disability.[6]

The five-step evaluation process first asks whether a claimant is currently engaged in substantial gainful activity.[7] If yes, the claimant is not disabled. If no, the ALJ proceeds to step two and evaluates whether the claimant has a medically determinable impairment or combination of impairments that is severe.[8] If no, the claimant is not disabled. If yes, the ALJ proceeds to step three and considers whether the medically determinable impairment or combination of impairments meets or equals any of the listed impairments under 20 C.F.R. pt. 404, subpt. P, app. 1.[9] If yes, the claimant is disabled. If no, the ALJ proceeds to step four, determines the claimant's residual functional capacity and assesses whether the claimant is capable of performing her past relevant work.[10] If yes, the claimant is not disabled. If no, the ALJ goes to step five and considers the claimant's RFC, age, education and work experience to see if the claimant can make an adjustment to other work.[11] If yes, the claimant is not disabled; if no, the claimant is disabled.

The ALJ found at step one that Carranza was not engaged in substantial gainful activity.[12] At step two, the ALJ found that Carranza had a severe impairment of degenerative disc disease.[13] At step three, the ALJ found that Carranza did not have an impairment or combination of

---

[5] *See id.*

[6] *See id.*

[7] *See* 20 C.F.R. § 416.920(a)(4)(i).

[8] *See* 20 C.F.R. § 416.920(a)(4)(ii).

[9] *See* 20 C.F.R. § 416.920(a)(4)(iii).

[10] *See* 20 C.F.R. § 416.920(a)(4)(iv).

[11] *See* 20 C.F.R. § 416.920(a)(4)(v).

[12] *See* Docket No. 15-3 at 22.

[13] *See id.*

impairments meeting or medically equaling a listed impairment.[14] At step four, the ALJ found that Carranza had the RFC to perform "a wide range of medium work, as defined in 20 CFR 404.1567(c), except he is limited to frequent balancing and climbing ramps and stairs and occasional stooping, kneeling, crouching, and crawling."[15] In determining Carranza's RFC, the ALJ made an adverse credibility finding against Carranza's testimony, and gave "little weight" to the RFC opinions of both treating physician Dr. Ronald Fujimoto and treating physician Dr. Dale Van Kirk.[16] The ALJ gave "great weight" to non-examining medical consultant Dr. J. Mitchell's RFC opinion, "reduced weight" to non-examining medical consultant Dr. R. Fujikami's RFC opinion on Carranza's postural limitations and "great weight" to the rest of Fujikami's RFC opinion, and "substantial weight" to consultative examiner Dr. Nayyar Masood's RFC opinion.[17] The ALJ found that Carranza is "capable of performing past relevant work as a sorter of agricultural products (DOT 529.687-186, svp 2, light) and agricultural packer (DOT 920.687-134, svp 2, medium)."[18] The ALJ ultimately concluded that Carranza was not disabled.

Carranza requested a review of the ALJ's decision and the Appeals Council declined.[19] Carranza now appeals the ALJ's decision to this court and both parties move for summary judgment.[20]

## II.

The court has jurisdiction under 42 U.S.C. § 405(g). The parties consented to the

---

[14] *See id.* at 24.

[15] *Id.*

[16] *Id.* at 26-27.

[17] *See id.* at 26.

[18] *Id.* at 27.

[19] *See* Docket No. 15-3 at 1-3, 20.

[20] *See* Docket Nos. 1, 16, 17.

3
Case No. 5:15-cv-04664-PSG
ORDER GRANTING-IN-PART AND DENYING-IN-PART CROSS-MOTIONS FOR SUMMARY JUDGMENT

jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c).[21] The court finds this motion suitable for disposition on the papers in light of the court's local rules and procedural order.[22]

A district court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing."[23] The decision of the Commissioner should only be disturbed if it is not supported by substantial evidence or if it is based on legal error.[24] Substantial evidence is evidence that a reasonable mind would accept as adequate to support the conclusion.[25] Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld.[26]

### III.

Applying the above standards, the motions are resolved as follows.

*First*, the ALJ did not err in assigning "little weight" to the RFC opinions of treating physicians Fujimoto and Van Kirk. Carranza asserts that the ALJ erred twice with respect to the treating physicians' opinions: first, the ALJ discredited the testimony of the treating physicians "on grounds which are not factually correct,"[27] and second, "the medical records do not support the ALJ's conclusions, which lack any specificity."[28] Regarding the first assertion, Carranza does

---

[21] *See* Docket Nos. 7, 13.

[22] *See* Docket No. 3; Civ. L.R. 7-1(b); Civ. L.R. 16-5.

[23] 42 U.S.C. § 405(g).

[24] *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

[25] *See Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) ("[It] is more than a mere scintilla but less than a preponderance.").

[26] *See Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995).

[27] Docket No. 16 at 8.

[28] Docket No. 18 at 1.

not identify what grounds the ALJ relied on in rejecting the treating physicians' opinions, or why they are not factually correct.[29] Regarding the second assertion, Carranza identifies three pages of Fujimoto's notes as not supporting the ALJ's conclusion, but does not explain why they do not support the ALJ's conclusion or how they affect the ALJ's decision to give "little weight" to Fujimoto's opinion.[30]

*Second*, the ALJ erred in discounting the third-party function report of David M. Velasquez, Carranza's friend.[31] Velasquez stated that Carranza "is no longer able to earn a living . . . . has trouble sleeping . . . . cannot lift heavy objects, walk long distances, or sit too long."[32] The ALJ noted that Velasquez also said that Carranza "has no problems with personal care, can prepare meals, and spend time with friends."[33] The ALJ then held that these latter activities are "not consistent with a person that is disabled," and found Velasquez's statements to be "generally unpersuasive because of these inconsistencies and his friendly relation with the claimant."[34] Carranza argues that 20 C.F.R. § 404.1513(d)(4) specifically authorizes the ALJ to consider evidence from non-medical sources, such as friends, "to show the severity of [a claimant's] impairment(s) and how it affects [a claimant's] ability to work."[35] Carranza also argues that Carranza's activities are not substantial evidence that he is not disabled.[36]

---

[29] *See* Docket No. 16 at 6-9.

[30] *See* Docket No. 18 at 1-2.

[31] The ALJ opinion identifies the lay witness as David M. Velasuvez, but Carranza clarifies that his name is Velasquez. *See* Docket No. 15-3 at 25; Docket No. 16 at 9.

[32] Docket No. 15-3 at 25.

[33] *Id.*

[34] *Id.*

[35] *See* Docket No. 16 at 9; 20 C.F.R. § 404.1513(d)(4).

[36] *See* Docket No. 16 at 9.

5
Case No. 5:15-cv-04664-PSG
ORDER GRANTING-IN-PART AND DENYING-IN-PART CROSS-MOTIONS FOR SUMMARY JUDGMENT

1   The ALJ erred in discounting Velasquez's statements based on his friendship because 29
2   C.F.R. § 404.1513(d)(4) explicitly permits the consideration of such evidence. The ALJ did not
3   provide any explanation for why Velasquez's friendship with Carranza made his statements
4   "generally unpersuasive."[37] The ALJ also erred in finding that Velasquez's statements about
5   Carranza's limitations were inconsistent with his statements about Carranza's daily activities. The
6   stated limitations and daily activities are not obviously inconsistent—personal care, meal
7   preparation and spending time with friends are not activities that obviously or necessarily involve
8   lifting heavy objects, walking long distances or sitting too long—and the ALJ did not explain how
9   they were inconsistent.[38] The court remands for further proceedings on how much weight to
10  assign Velasquez's third-party function report, and what effect that has on Carranza's RFC.

11  ***Third***, the ALJ erred in finding Carranza's statements regarding the intensity, persistence
12  and limiting effects of his symptoms "not entirely credible."[39]

13  When evaluating a claimant's testimony regarding the severity of her symptoms, the ALJ
14  first must "determine whether the claimant has presented objective medical evidence of an
15  underlying impairment which could reasonably be expected to produce the pain or other
16  symptoms."[40] At this point, the claimant "'need not show that her impairment could reasonably be
17  expected to cause the severity of the symptom she has alleged; she need only show that it could
18  reasonably have caused some degree of the symptom.'"[41] If the claimant satisfies the first factor
19  and there is no evidence of malingering, the ALJ must then provide "specific, clear, and

---

[37] Docket No. 15-3 at 25.

[38] *See id.*

[39] Docket No. 15-3 at 25.

[40] *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (internal quotations and citations omitted).

[41] *Id.* (quoting *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir.1996)).

convincing reasons" for rejecting the claimant's testimony about the severity of her symptoms.[42] If the ALJ finds a claimant's testimony unreliable, the ALJ "must specifically identify what testimony is credible and what testimony undermines the claimant's complaints."[43] It is "not sufficient for the ALJ to make only general findings."[44]

Carranza argues that the ALJ's adverse credibility finding was not supported by clear and convincing evidence because Carranza's daily activities are of a type "repeatedly held not to preclude disability."[45] The ALJ held that while Carranza's medically determinable impairments could reasonably be expected to cause his alleged symptoms,

> [his] statements concerning the intensity, persistence, and limiting effects of these symptoms [were] not entirely credible for the reasons explained in this decision.
>
> The claimant has described daily activities that are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations. He has no problems with personal care and can prepare light meals, do laundry, and do light yard work. Further, the claimant is able to drive a car and go shopping.[46]

The ALJ did not specifically identify which portions of Carranza's testimony were credible and which portions were not credible. The ALJ provided only the most abbreviated summary of Carranza's testimony—"[t]he claimant alleges that the following conditions limit his ability to work: injuries to the back, neck, and shoulder; carpal tunnel syndrome; and depression"—and did not summarize or discuss Carranza's testimony regarding the intensity, persistence and limiting effects of his symptoms.[47] The ALJ identified the testimony that he found undermined Carranza's

---

[42] *Lingenfelter*, 504 F.3d at 1036.

[43] *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) (citations omitted).

[44] *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993) (ALJ required to point to specific facts in the record which undermine a claimant's complaints).

[45] Docket No. 16 at 10.

[46] Docket No. 15-3 at 25-26.

[47] *Id.* at 25.

7
Case No. 5:15-cv-04664-PSG
ORDER GRANTING-IN-PART AND DENYING-IN-PART CROSS-MOTIONS FOR SUMMARY JUDGMENT

complaints—Carranza's testimony about his daily activities—but did not explain how they undermined Carranza's complaints, or what Carranza's specific complaints were.[48] The Ninth Circuit has repeatedly held that "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations," and so "[o]nly if the level of activity were inconsistent with [c]laimant's claimed limitations would these activities have any bearing on [c]laimant's credibility."[49] In light of this standard, the ALJ erred finding Carranza's testimony not credible based on his daily activities without explaining how these daily activities were inconsistent with his claimed limitations.

*Fourth*, the credit-as-true standard is not satisfied here, and the case is remanded for further administrative proceedings. Generally, when the court reverses an ALJ's decision "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation."[50] The court may remand for an immediate award of benefits only where "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."[51] Carranza argues that the credit-as-true standard is satisfied based on the treating physicians' testimony and vocational expert Darlene McQuary's testimony.[52] But the court has found that the ALJ did not err in assigning little weight to the treating physicians' testimony, and further

---

[48] *See id.*

[49] *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998); *see also Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014).

[50] *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004).

[51] *Garrison*, 759 F.3d at 1020.

[52] *See* Docket No. 16 at 7-9, 16.

8
Case No. 5:15-cv-04664-PSG
ORDER GRANTING-IN-PART AND DENYING-IN-PART CROSS-MOTIONS FOR SUMMARY JUDGMENT

administrative proceedings are necessary regarding both the appropriate weight to give Velasquez's third-party function report and the ALJ's adverse credibility finding against Carranza's testimony about the severity of his symptoms. These proceedings may affect Carranza's RFC and whether Carranza is able to perform past relevant work, or whether given Carranza's RFC, age, education and work experience, there are jobs existing in significant numbers in the national economy that Carranza can perform. The court REMANDS for reconsideration consistent with this order and GRANTS-IN-PART and DENIES-IN-PART both Carranza's and the Commissioner's motions for summary judgment.

**SO ORDERED.**

Dated: June 3, 2016

_____
PAUL S. GREWAL
United States Magistrate Judge